

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

RICE DANIEL
ATTORNEY GENERAL

March 24, 1948

FAGAN DICKSON
FIRST ASSISTANT

Hon. R. Y. King
County Attorney
Donley County
Clarendon, Texas

Opinion No. V-526

Re: Traveling expense of sheriff and his deputies.

Dear Sir:

Your request for an opinion from this office on the above subject matter is, in part, as follows:

"At the January term, the Commissioner's Court voted to remain on a fee basis for the year 1948. The Commissioners' Court set the maximum amount of fees to be retained by the sheriff (Art. 3883, 3891, etc.) at $3600.00 per year.

"By the authority and direction of Art. 6877-1 Vernon's Ann. Civ. St., Sec. 1 (c) the Commissioners' Court entered an order to pay the sheriff and his deputies 7¢ per mile for the use of their personally owned cars for each mile traveled in the performance of official duties of office.

"Question No. 1---Will the amount paid to the sheriff and his deputies under the above order be a fee of the sheriff's office under Art. 3883, 3891, etc., and if so will it be accountable by him as other fees in arriving at his maximum of $3600.-00?

"Question No. 2---If the answer to Question No. 1 is affirmative, should the pay for this mileage be made to the sheriff to be by him paid as he sees proper to the deputies or should the deputy be paid direct?

"Question No. 3---Since Art. 6877-1 is apparently mandatory, will Commissioner's

> courts have the authority to limit the num-
> ber of miles that will be approved for pay-
> ment?  That is, limit the sheriff to say
> 2000 miles maximum, first deputy 1500 miles,
> etc.?

> "Question No. 4---How can the Commission-
> er's court determine what mileage is offi-
> cial duty?"

H. B. 501, Acts of the 50th Legislature, R. S. 1947, (Art. 6877-1, V.C.S.) was held to be mandatory by our Opinion No. V-293.  It was further held in Opinion No. V-515 that the traveling expense provided by H. B. 501 was to be paid to a sheriff on a fee basis out of the general fund of the county and not out of fees of office.  Therefore, the traveling expense of a sheriff provided by the provisions of H. B. 501 is not a fee of office and will not be accounted for as a fee by the sheriff.  Neither is such traveling expense a portion of the salaries paid those sheriffs on a salary basis. Therefore, it is our opinion in answer to your first question that the amount paid as traveling expenses un- der the order of the Commissioners' Court mentioned in your request is not a fee of the sheriff's office and will not be accountable as a fee in arriving at the sheriff's maximum compensation.

In view of our answer to your first question, it is not necessary to answer question No. 2.

Section 2 of H. B. 501 provides that prior to the present Act there was no adequate law providing for transportation for sheriffs and their deputies.  There- fore, the Legislature enacted H. B. 501 and did not place a limit on the number of miles which the sheriff could travel in the performance of official duties.  On the contrary, the Legislature provided under subdivision (c) that they "shall be paid not less than six cents (6¢) per mile nor more than ten cents (10¢) per mile for each mile traveled in the performance of official duties." Therefore, it is our opinion that the Commissioners' Court cannot limit the number of miles which the sher- iff and his deputies may travel in the performance of official duties.

H. B. 501 states that "all compensation paid under the provisions of this Act shall be upon a sworn statement of such sheriff."  In view of this provision,

it is our opinion that the Commissioners' Court may require the sheriff to furnish the Court in his sworn account such information which is necessary for the Court to determine what mileage was traveled in the performance of those duties set out in various statutory provisions prescribing the duties of the sheriffs and their deputies. See Art. V, Sec. 23, Texas Constitution.

## SUMMARY

1. Traveling expense of sheriffs and their deputies paid under the provisions of H. B. 501, Acts of the 50th Legislature, (Art. 6877-1, V. C. S.) is neither a fee of office in a "fee" county nor a portion of the sheriff's salary in a "salary" county. This expense is to be paid out of the County's general fund.

2. The Commissioners' Court is not authorized to limit the number of miles the sheriff may travel in the performance of his official duties.

3. The Commissioners' Court may require sufficient information in the "Sheriff's Sworn Account" of traveling expense to determine how many miles were traveled in the performance of his official duties.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By _John Reeves_
John Reeves
Assistant

JR:mw

APPROVED:

_Fagan Dickson_
FIRST ASSISTANT
ATTORNEY GENERAL